**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4764

UNDER SEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-99-52)

Argued: February 28, 2000

Decided: March 24, 2000

Before LUTTIG and TRAXLER, Circuit Judges, and
G. Ross ANDERSON, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Palmer Fishwick, Jr., LICHTENSTEIN & FISH-
WICK, P.L.C., Roanoke, Virginia, for Appellant. Thomas Linn
Eckert, Assistant United States Attorney, Roanoke, Virginia, for
Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The defendant-appellant juvenile ("Juvenile") allegedly partici- pated in an armed bank robbery. He was seventeen years old at the time. The Juvenile was charged with bank robbery in Virginia juve- nile court but, on the morning of the preliminary hearing in that court, the prosecutor told federal authorities that the Commonwealth would not go forward with the prosecution.

The United States then charged the Juvenile with armed bank rob- bery and using a short-barreled firearm in relation to that robbery, and moved for his transfer to adult status for federal prosecution. The dis- trict court granted that motion, and the Juvenile appeals.

The government sought the transfer of the Juvenile to adult status under 18 U.S.C. § 5032, which provides, in relevant part:

> A juvenile alleged to have committed an act of juvenile delinquency . . . shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, . . . or (3) the offense charged is a crime of violence that is a felony . . . and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

The government argues, and the district court held, that both subsec- tions 1 and 3 were satisfied on the present facts. We agree that trans- fer was proper under section 5032(1), and thus need not reach the

2

question whether transfer was independently appropriate under section 5032(3).

To support his objection to transfer under section 5032(1), the Juvenile claims that the Commonwealth never explicitly refused to go forward with the case. However, a review of the record before us reveals that the Commonwealth unmistakably expressed to federal authorities that it had decided not to prosecute. First, a federal agent testified that, on the morning of the scheduled preliminary hearing in state court, a Commonwealth's Attorney informed him that the Commonwealth had decided to dismiss the charges against the Juvenile. See J.A. 68. Second, a Commonwealth's Attorney sent a letter to the United States Attorney's office stating that the Commonwealth "d[id] not intend" to proceed against the Juvenile because it would be "more prudent" for him to be prosecuted in federal court, where his accomplice had already been prosecuted. J.A. 143. Confronted with this record evidence during oral argument, counsel for the Juvenile responded that the Commonwealth's Attorney's statement in the letter that he "d[id] not intend" to prosecute was not sufficiently definite to constitute a refusal to prosecute. Indeed, counsel stated that his entire case hinged on his interpretation of the phrase"does not intend," as it appeared in the letter. However, we decline to adopt such a strained reading of a letter that was plainly designed to communicate the Commonwealth's decision not to go forward with the state case against the Juvenile.

We therefore affirm the district court's issuance of a section 5032 transfer order in this case.

AFFIRMED

3